UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

GORDON FOSTER LAWSON,                1:18-cv-14855-NLH

    Appellant,                **OPINION**

  v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, et al.,

    Appellees.

---

**APPEARANCES**:

GORDON FOSTER LAWSON
10 MARVIN AVENUE
LINWOOD, NJ 08221

    *Pro Se Appellant*

ROBERT D. BAILEY
PARKER IBRAHIM & BERG LLP.
270 DAVIDSON AVENUE, 5TH FLOOR
SOMERSET, NJ 08873

    *On behalf of Appellees Deutsche Bank National Trust Company, Impac Funding Corporation, Impac Secured Assets Corporation, Mortgage Pass-Through Certificate Series 2006 4&5, Select Portfolio Servicing Inc.*

HEATHER ELIZABETH SAYDAH
WINSTON & STRAWN LLP
200 PARK AVENUE
NEW YORK, NY 10166

    *On behalf of Appellee Bank of America NA and BAC Home Loan Servicing, LP*

JEANETTE F. FRANKENBERG
STERN, LAVINTHAL & FRANKENBERG LLC
105 EISENHOWER PARKWAY
SUITE 302
ROSELAND, NJ 07068

*On behalf of Appellee Stern, Lavinthal & Frankenberg LLC formerly known as Stern, Lavinthal Frankenberg & Norgaard LLC*

SEAN MICHAEL O'BRIEN
FRENKEL LAMBERT WEISS WEISMAN & GORDON, LLP
80 MAIN STREET
SUITE 460
WEST ORANGE, NJ 07052

*On behalf of Appellee Frankel Lambert Weiss Weisman & Gordon LLP*

RICHARD P. HABER
MCCALLA RAYMER LEIBERT PIERCE, LLC
485 U.S. HIGHWAY 1 SOUTH
BLDG. F, SUITE 300
ISELIN, NJ 08830

*On behalf of Appellee McCalla Raymer Leibert Pierce LLC*

**HILLMAN, District Judge**

Pending before the Court is the debtor's appeal of the Bankruptcy Court's dismissal of his adversary proceeding. For the reasons expressed below, the decision of the Bankruptcy Court will be affirmed, and the debtor's appeal will be dismissed.

## BACKGROUND

On September 26, 2006, appellant, Gordon Forster Lawson, entered into a note and mortgage with Coast Mortgage Corporation

to purchase a home located at 10 Marvin Avenue, Linwood, New Jersey in the amount of $631,400.  On September 28, 2006, Lawson entered into a secondary note and mortgage with Coast Mortgage Corporation in connection with the same property in the amount of $180,400.  Both mortgages were recorded, and were eventually assigned to Appellee Deutsche Bank.

On December 8, 2015, Deutsche Bank commenced a foreclosure action in the Superior Court of New Jersey, Atlantic County. Lawson filed an answer contesting the foreclosure, arguing that Deutsche Bank had no standing to prosecute the foreclosure because of defects in the loan documentation.  Lawson also asserted claims of fraud and misrepresentation.  Discovery was undertaken, Lawson inspected the original loan documents, and Deutsche Bank moved to strike Lawson's answer and for summary judgment in its favor.  The state court granted Deutsche Bank's motion and permitted Deutsche Bank to proceed with the judgment of foreclosure.  Lawson filed a motion for reconsideration, which the state court denied.

On February 21, 2018, Lawson filed a Chapter 13 bankruptcy petition in this District, which stayed the entry of final judgment of foreclosure in state court.[1]  Deutsche Bank filed a

---

[1] A chapter 13 bankruptcy is also called a wage earner's plan. It enables individuals with regular income to develop a plan to repay all or part of their debts.  Under this chapter, debtors

proof of claim in the amount of $1,019,701.05 on the first note and $363,072.36 on the second note.  Deutsche Bank and Select Portfolio, the servicer of the mortgages, also filed objections to Lawson's Chapter 13 plan, arguing that the plan was not feasible.

Shortly thereafter, on June 1, 2018, Lawson filed an adversary complaint, the dismissal of which is the subject of his instant appeal.  In his adversary complaint, Lawson challenged the standing of the named defendants – appellees here – to pursue their objections to confirmation and participate in his Chapter 13 case.  Lawson alleged that the defendants used false documents and different names of real parties of interest to quickly pursue state court foreclosure matters and their claims in his Chapter 13 bankruptcy case thereby causing him irreparable harm.  He argued, among other things, that defendants had no standing because of their violations of the Federal False Claims Act, 31 U.S.C. § 3729, 18 U.S.C. § 473 (Dealing in counterfeit obligations or securities), and the Fair Debt Collections Practices Act ("FDCPA").

Three weeks later, Lawson filed a case in the Eastern District of Virginia (1:18-cv-00640-LO-IDD, Lawson v. Merscorp

---

propose a repayment plan to make installments to creditors over three to five years.  See 11 U.S.C. § 1322.

Holdings, Inc. et al.) against the same parties alleging the same claims under the same statutes above, plus the Truth in Lending Act, 15 U.S.C. § 1601 et seq., seeking damages in the amount of $2,500,000. As the Bankruptcy Court noted, Lawson's adversary complaint and the E.D. Virginia action are essentially identical.[2]

Defendants moved to dismiss Lawson's adversary complaint on numerous grounds. The Bankruptcy Court granted defendants' motions, finding the following (see Docket No. 1 at 9-22):

- *Lawson's claim regarding defendants' lack of standing to file a proof of claim or object to plan confirmation*
    - The Bankruptcy Court found that because only the Deutsche Bank defendants filed proofs of claim and filed objections to confirmation, none of the other defendants had or could have taken the action Lawson objected to, and Lawson's claims against those defendants were therefore dismissed.
    - With regard to the Deutsche Bank defendants, Lawson argued that these parties did not have standing due to

---

[2] In November 2018, claims against several defendants were dismissed. Currently pending is the court's order to show cause as to why Lawson's claims against the remaining defendants should not be dismissed for failure to effect proper service under Fed. R. Civ. P. 4(m). Lawson's response is due October 5, 2019. (1:18-cv-00640-LO-IDD, Docket No. 64.)

5

fraud in the assignment process resulting in the mortgage not being properly assigned to them. The Bankruptcy Court found that the state court had determined that the Deutsche Bank defendants had standing to enforce in that action, and accordingly they were considered parties in interest in Lawson's bankruptcy with the right to object to Lawson's proposed plan. The Bankruptcy Court dismissed Lawson's adversary complaint against the Deutsche Bank defendants to the extent that Lawson alleged that they had no standing to file claims or participate in plan confirmation.

- *Lawson's allegation of fraud in the assignment of the mortgage*
    - o The Bankruptcy Court found that New Jersey's entire

controversy doctrine,[3] *res judicata* principles,[4] and the Rooker-Feldman doctrine[5] precluded the consideration of Lawson's fraud claim because the state court had already determined that the Deutsche Bank defendants had standing to enforce the notes and mortgages. The Bankruptcy Court also found that Lawson's claims were inextricably intertwined with the

---

[3] New Jersey's entire controversy doctrine "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." Wadeer v. New Jersey Mfrs. Ins. Co., 110 A.3d 19, 27 (N.J. 2015) (citations and quotations omitted). The purpose of the entire controversy doctrine "are threefold: (1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay." Id. (citations and quotations omitted).

[4] *Res judicata* encompasses claim and issue preclusion. U.S. v. 5 Unlabeled Boxes, 572 F.3d 169, 174 (3d Cir. 2009).

[5] Under the Rooker-Feldman doctrine, which is derived from the two Supreme Court cases, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding. Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey Police Dept., 973 F.2d 169, 177 (3d Cir. 1992); In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005) ("The Rooker-Feldman doctrine prevents 'inferior' federal courts from sitting as appellate courts for state court judgments.").

state court order because granting Lawson's relief would require the Bankruptcy Court to determine that the state court order was wrong, or at a minimum, would void the state court's ruling that Deutsche Bank did have standing.

- *Lawson's claims of general fraud and other claims*
    o The Bankruptcy Court dismissed any claims Lawson brought seeking damages rather than a challenge to standing under the doctrine of permissive abstention. The Bankruptcy Court found that because the same claims were pending in Lawson's Virginia action, and Lawson did not assert any claims under state law, allowing Lawson's claims to be heard in the Eastern District of Virginia was the best course.
    o The Bankruptcy Court explained, "The only connection to this bankruptcy case is the extent to which the lawsuit might represent an asset of Mr. Lawson. By making the same allegations in the Virginia Action and stating that this court does not have jurisdiction over his claims, Lawson has indicated his preferred jurisdiction. Though the Virginia Action was filed second, it includes the additional TILA allegations, therefore is more comprehensive of Mr. Lawson's

claims.  Thus, this court would permissively abstain in favor of the Virginia Action."

**DISCUSSION**

**A.   Jurisdiction and Standard of Review**

This Court has jurisdiction over the appeal from the Bankruptcy Court's October 4, 2018 order pursuant to 28 U.S.C. § 158(a), which provides in relevant part: "The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.  An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."

In reviewing a determination of the bankruptcy court, the district court subjects the bankruptcy court's legal determinations to plenary review, reviewing its factual findings for clear error, and considering its exercise of discretion for abuse thereof.  In re United Healthcare Sys., Inc., 396 F.3d 247, 249 (3d Cir. 2005).

**B.   Analysis**

The Court construes Lawson's appeal of the Bankruptcy Court's decision dismissing his adversary complaint to assert two bases for appeal:  (1) the Bankruptcy Court erred by

applying "Equity instead of law" when it dismissed his adversary complaint; and (2) the Bankruptcy Court erred by not finding that the defendants lacked standing because of an "immense fraud" scheme committed by the defendants.  (Docket No. 4 at 2-3.)  The Court finds neither argument availing.

It is true that bankruptcy courts are courts of equity and apply the principles and rules of equity jurisprudence in the administration of bankruptcy proceedings.  In re Tribune Media Co., 799 F.3d 272, 287 (3d Cir. 2015) (quoting Young v. United States, 535 U.S. 43, 50 (2002) and Cybergenics Corp. v. Chinery, 330 F.3d 548, 567 (3d Cir. 2003) (quotations and alterations omitted)).  In contrast to the administration of a debtor's bankruptcy, an adversary proceeding, however, "is essentially a self-contained trial - still within the original bankruptcy case - in which a panoply of additional procedures apply," and "[m]any of these procedures derive in whole or in part from the Federal Rules of Civil Procedure, giving an adversary proceeding all the trappings of traditional civil litigation."  In re Mansaray-Ruffin, 530 F.3d 230, 234–35 (3d Cir. 2008) (citing Fed. R. Bankr. P. 7001).

In resolving the motions to dismiss Lawson's adversary proceeding, the Bankruptcy Court appropriately applied the same procedural rules that a district court would apply if his case

were brought in the district court - namely, Fed. R. Civ. P. 12(b)(6). See id. (explaining that Fed. R. Civ. P. 4, 12, 26-37, 41, 55 and 56 all apply in an adversary proceeding); In re Hartman, 2017 WL 2230336, at *3 n.4 (D.N.J. 2017) (explaining that Federal Rule of Civil Procedure 12(b)(6) applies to a bankruptcy court's resolution of motion to dismiss an adversary proceeding by Federal Rule of Bankruptcy Procedure 7012); Fed. R. Bankr. P. 7012(b) ("Applicability of Rule 12(b)-(i) F.R.Civ.P. Rule 12(b)-(i) F.R.Civ.P. applies in adversary proceedings.").

The Bankruptcy Court also appropriately applied the relevant law to assess Lawson's claims in his adversary complaint - the law of *res judicata*, the Rooker-Feldman doctrine, standing, the New Jersey entire controversy doctrine, and abstention. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1213 (3d Cir. 1991) (citing Grogan v. Garner, 498 U.S. 279 (1991)) ("[T]here is nothing inherently objectionable to bankruptcy courts giving preclusive effect to valid prior judgments, even if doing so would inevitably establish a creditor's claim in a core proceeding. The doctrine of collateral estoppel (issue preclusion) may be used in a subsequent bankruptcy proceeding to prevent relitigation of issues that were actually and necessarily resolved in a prior

11

nonbankruptcy adjudication."); In re Knapper, 407 F.3d 573, 581 (3d Cir. 2005) (explaining that under the Rooker-Feldman doctrine, a bankruptcy court is prohibited from reviewing the state court's judgment because such review would run afoul of the prohibition of lower federal courts from sitting as effective courts of appeal for state court judgments, and the application of the Rooker-Feldman doctrine bars a litigant's federal claims and divests the bankruptcy court of subject matter jurisdiction over those claims); In re Merritt, 702 F. App'x at 94 (affirming the district court's affirmance of the bankruptcy court's dismissal of the adversary complaint, which alleged that the mortgage servicer lacked standing to file a proof of claim); Matter of Reach, McClinton and Co., Inc., 102 B.R. 381, 390 (D.N.J. 1989) (affirming the bankruptcy court's application of the New Jersey entire controversy doctrine in dismissing the adversary complaint); In re Miller, 2018 WL 6132033, at *4 (Bkrtcy. D.N.J. 2018) (dismissing the adversary complaint under New Jersey's entire controversy doctrine);[6] In

---

[6] The Court recognizes that the New Jersey entire controversy doctrine is considered an "equitable doctrine," Oliver v. Ambrose, 705 A.2d 742, 748 (N.J. 1998), but the application of that equitable doctrine does not mean that the Bankruptcy Court wore its "court of equity" hat instead of its "court of law" hat when assessing the validity of Lawson's legal claims asserted in his adversary complaint, especially considering the numerous reasons Lawson's complaint was not properly before the Bankruptcy Court.

re Galtieri, 172 F. App'x 397, 399, 2006 WL 358546, at *2 (3d Cir. 2006) (explaining that the district court affirmed the bankruptcy court's decision that permissive abstention was warranted, and that decision was not subject to appellate review); Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 730 (1996) ("We have not strictly limited abstention to 'equitable cases,' but rather have extended the doctrine to all cases in which a federal court is asked to provide some form of discretionary relief.").

In short, "'legal claims are not magically converted into equitable issues by their presentation to a court of equity.'" Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 52 (1989) (quoting Ross v. Bernhard, 396 U.S. 531, 538 (1970)) (alterations omitted). While the Bankruptcy Court relied in part on equitable doctrines it also applied well-defined and long-established legal rules of procedure and principles of subject matter jurisdiction in dismissing Lawson's adversary proceeding. Accordingly, the Bankruptcy Court did not improperly "apply Equity before Law" as argued by Lawson.

With regard to Lawson's claim that the Bankruptcy Court improperly determined that Deutsche Bank had standing to file a claim in, and object to, his Chapter 13 bankruptcy case, the Court finds that the Bankruptcy Court properly considered the

13

issue.  The Bankruptcy Court noted that Lawson claimed that fraud existed in the mortgage and note assignment, and that Deutsche Bank contested Lawson's claims of fraud.  The Bankruptcy Court did not resolve the disputed factual issue, however, because the state court had already determined that Deutsche Bank had standing to enforce its foreclosure claim in state court, even after considering Lawson's allegations of fraud.  Because the state court found that Deutsche Bank had a right to payment there, the Bankruptcy Court found that Deutsche Bank was a "party of interest" with standing to object to Lawson's Chapter 13 filing, citing to 11 U.S.C. § 1324(a), which provides, "A party in interest may object to confirmation of the plan."

In his appeal of that decision, Lawson does not show how the Bankruptcy Court erred in its analysis, and instead Lawson simply advances the same argument he made to the Bankruptcy Court and the state court regarding the alleged fraud in the assignment of his mortgage.  The Court does not find that the Bankruptcy Court erred in its determination that Deutsche Bank was a party in interest which had the right to contest Lawson's Chapter 13 plan and file a claim as a creditor in Lawson's bankruptcy case.  See, e.g., In re Kressler, 40 F. App'x 712, 713-14 (3d Cir. 2002) (quoting Dewsnup v. Timm, 502 U.S. 410,

14

417 (1992)) ("When a lien secures real property, 'the creditor's lien stays with the real property until the foreclosure.'"); 11 U.S.C. 101(5) ("The term 'claim' means—(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."); In re Global Indus. Technologies, Inc., 645 F.3d 201, 210 (3d Cir. 2011) ("To object to the confirmation of a [] plan in bankruptcy court, a party must, in the first instance, meet the requirements for standing that litigants in all federal cases face under Article III of the Constitution."); cf. id. ("Standing in bankruptcy cases is also governed by the terms of 11 U.S.C. § 1109(b), which provides that '[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.' 11 U.S.C. § 1109(b). The list of potential parties in interest in § 1109(b) is not exclusive. On the contrary, that

section has been construed to create a broad right of participation . . . [and] [s]tatus as a party in interest is of particular relevance [] because the Bankruptcy Code expressly provides that parties in interest 'may object to confirmation of a plan.' 11 U.S.C. § 1128(b).").

## CONCLUSION

For the reasons expressed above, the Court finds that the bankruptcy court did not err in dismissing Lawson's adversary complaint.  The order of the Bankruptcy Court will be affirmed, and Lawson's appeal dismissed.  An appropriate Order will be entered.


Date:  September 13, 2019             s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.